**OPERATING ENGINEERS PENSION TRUST, Operating Engineers Health & Welfare Fund, et al., Plaintiffs,**

v.

**MOULDER BROS., INC., a California corporation; Terrain, Inc., a California corporation, et al., Defendants.**

**No. CV 87–1714–RJK (Px).**

United States District Court, C.D. California.

July 25, 1989.

**698**

Michael A. Urban, Jett & Laquer, Pasadena, Cal., for plaintiffs.

John H. Stephens, Wickwire, Gavin & Gibbs, Los Angeles, Cal., for defendant Moulder Bros., Inc.

Charles J. Schufreider, Barton, Klugman & Oetting, Los Angeles, Cal., for defendant Terrain, Inc.

## MEMORANDUM OF DECISION AND ORDER

KELLEHER, Senior District Judge.

This case came on for trial before the Court sitting without a jury. Upon completion of all the evidence, the Court ordered that the case stand submitted upon the filing of post-trial briefs. These have now been received and considered by the Court.

The trial was conducted pursuant to the Amended Pre–Trial Conference Order, which set forth the following admitted facts:

Plaintiffs are the Operating Engineers Pension Trust, Operating Engineers Health and Welfare Fund, Operating Engineers Vacation–Holiday Savings Trust and Operating Engineers Training Trust ("Trusts"). The Trusts are joint labor-management employee benefit trusts governed by various Trust Agreements between the International Union of Operating Engineers, Local Union No. 12 ("Local 12") and various multi-employer associations in Southern California and Nevada. The Trusts were created pursuant to § 302(c) of the Labor–Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c).

Defendants are Moulder Bros., Inc. and Terrain, Inc., both California corporations. In May 1986 all shares of stock in both Moulder Bros. and Terrain were transferred to Earthmark Industries, Inc. in exchange for shares in Earthmark. Until this transfer all outstanding stock in Terrain had been held by Moulder Bros. and John Moulder. John Moulder was the principal shareholder of Moulder Bros.

Moulder Bros. is a member of the Associated General Contractors of California, Inc. ("AGC"), a multi-employer association. As such, Moulder Bros. is bound by the Master Labor Agreement ("MLA") between the AGC and Local 12. Through the AGC Moulder Bros. is also bound to the terms of the Trust Agreements.

Pursuant to the MLA and the Trust Agreements, Moulder Bros. is obligated to submit monthly written reports to the Trusts which identify the union employees and the non-union persons performing work covered by the MLA and show the number of hours worked by or paid to these employees. Moulder Bros. is also obligated to make monthly fringe benefit contributions to the Trusts at specified rates.

In this action, the Trusts claim that Moulder Bros. and Terrain have breached the MLA and Trust Agreements by failing to make required fringe benefit contributions and improperly subcontracting out covered work. The Trusts claim that Moulder Bros. and Terrain are jointly and severally liable for these acts. Moulder Bros. is a signatory to the agreements, Terrain is not. The Trusts seek to bind Terrain to the agreements on the theory that Terrain is the alter ego of Moulder Bros. The Trusts seek compensatory damages, liquidated damages, prejudgment interest and their audit costs and attorney's fees.

The only issue of fact remaining to be litigated at trial was whether Moulder Bros. and Terrain constitute alter egos such that Terrain would be bound by the MLA and Trust Agreements, though not a signatory thereto. The parties also continue to dispute the Court's jurisdiction to decide this issue. In addition, they disagree as to the method of calculating damages should the Court determine that defendants are alter egos. Each of these issues is addressed in turn.

## I. JURISDICTION

This Court has jurisdiction over plaintiffs' claims under § 301(a) of the Labor–Management Relations Act and § 502(e)(1) of the Employee Retirement Income Security Act.

Further, for the reasons stated in the Court's Memorandum of Decision and Order dated September 1, 1988, the Court also has jurisdiction to make a finding of alter ego status.

## II. ALTER EGO STATUS

Defendants argue that in making a determination of alter ego status, the Court may not apply the factors considered by the National Labor Relations Board, for to do so would be outside the scope of the Court's jurisdiction. This argument borders on the absurd.

Indeed, in deciding whether two firms are alter egos for the purpose of federal labor law, the Ninth Circuit directs district courts to consider such NLRB criteria as whether the firms have interrelated operations, common management, centralized control over labor relations and common ownership. *Brick Masons Pension Trust v. Indus. Fence & Supply*, 839 F.2d 1333, 1336 (9th Cir.1988). The Court notes that Moulder Bros. and Terrain admit that they are a "double-breasted" operation. Double-breasted operations, while not per se illegal, may in some circumstances constitute alter egos. *See A. Dariano & Sons, Inc. v. District Council of Painters No. 33*, 869 F.2d 514, 517 (9th Cir.1989); *Carpenters Local Union No. 1478 v. Stevens*, 743 F.2d 1271, 1276 (9th Cir.1984) "The

critical inquiry is whether an employer is using a non-union company in a sham effort to avoid collective bargaining obligations." *Brick Masons*, 839 F.2d at 1336.

The evidence at trial overwhelmingly established that Moulder Bros. and Terrain are alter egos. They are affiliated businesses with common officers, ownership, management and supervision. Management decisions are made at common board meetings. The two companies have formulated and administered a common labor policy for their employees. They share common premises and facilities and have exchanged and interchanged personnel. They perform the same type of work using the same equipment which is stored in the same equipment yard and repaired and maintained by the same group of employees. In all these respects Moulder Bros. and Terrain have conducted themselves as a single integrated business enterprise.

Further, the evidence established that Moulder Bros. discontinued certain of its operations while at the same time Terrain began to perform these same operations. The Court finds that this was merely a technical change in operations for the purpose of avoiding Moulder Bros.' obligations under the MLA and Trust Agreements.

In sum, the Court finds that Terrain is the alter ego of Moulder Bros. Terrain is therefore obligated to the terms of the MLA and Trust Agreements.

## III. DAMAGE CALCULATION

### 1. *Unpaid Fringe Benefits*

The evidence established that the Trusts are owed $352,556.01 in unpaid fringe benefit contributions. Under the terms of the MLA the Trusts are entitled to fringe benefit contributions for "all hours of employment (worked or paid) of each employee who performs any work whatsoever of the work covered by [the] agreement." Thus, even though Terrain's employees split their worktime, performing both covered and uncovered work, defendants must make contributions for *all* the hours the employees worked or were paid. *See Waggoner v.*

*Dallaire,* 649 F.2d 1362, 1369 (9th Cir. 1981).

Defendants contest the amount claimed by plaintiffs in an argument based on the so-called "40–hour presumption" contained in a 1972 resolution between the AGC and Local 12. The Court notes that the 40–hour presumption is inapplicable to this case inasmuch as defendants' employees are paid on an hourly basis. *See Operating Engineers Pension Trust v. Charles Minor,* 766 F.2d 1301, 1302 (9th Cir.1985). The Court emphasizes that its calculation of the fringe benefit contributions due and owing plaintiffs is based on the "all hours worked" provision of the MLA and not the "40–hour presumption."

Relying on the 1972 resolution defendants also claim that employees must be dispatched by the union before an employer is liable to the Trusts for fringe benefit contributions in their behalf. This argument is disingenuous and only establishes that defendants breached the MLA in yet another way. Under the MLA an employer is obligated to have all employees who perform covered work dispatched by Local 12. The fact that defendants utilized non-union employees to perform covered work in breach of the MLA will not enable them to avoid their obligation to make fringe benefit contributions for these employees.

Finally, defendant Terrain argues that it owes no fringe benefit contributions for employees on its Fort Irwin project because no covered work was performed on that jobsite. However, the Court finds it dispositive that Terrain's own payroll records classify various employees on the Fort Irwin project as "Operating Engineer Apprentices."

For the foregoing reasons, defendants shall pay the Trusts the sum of $352,556.01 for unpaid fringe benefit contributions.

2. The evidence established, and defendants did not dispute, that plaintiffs are entitled to $18,531.18 as damages for defendants' improper use of non-signatory subcontractors, $1,018.44 as damages for defendants' improper use of owner-operators and $10,000.00 as damages for defendants' use of a delinquent subcontractor.

3. Pursuant to the MLA and 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to prejudgment interest in the amount of $122,-880.14, audit costs in the amount of $2,500.00, liquidated damages in the amount of $122,880.14, and attorney's fees and costs of suit to be determined upon plaintiff's post-trial motion.

Defendants shall be jointly and severally liable for all amounts due and owing plaintiffs.

IT IS SO ORDERED.